## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY R. ROUNDTREE, | ) | |
| No. 17256-064, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 12-cv-1166-JPG |
| | ) | |
| WARDEN WALTON, and | ) | |
| UNKNOWN PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On November 8, 2012, Plaintiff Jeffrey R. Roundtree, an inmate at the United States Penitentiary in Marion, Illinois, filed a "Memorandum of Law in Support of Motion for a TRO and Preliminary Injunction" (Doc. 1). Plaintiff claims that the defendant prison officials have been deliberately indifferent in violation of the Eighth Amendment when they subject him to random urine tests. Plaintiff explains that he suffers from paruresis, commonly known as a "shy bladder." On July 19, 2012, when Plaintiff was unable to produce a urine sample in the allotted two hours, the "mental anguish from the ridicule and embarrassment" caused plaintiff to attempt suicide. Plaintiff seeks a temporary restraining order mandating that prison officials afford Plaintiff an accommodation, as outlined in prison regulations.

At the Court's request, Plaintiff subsequently filed a motion for leave to proceed *in forma pauperis* (Doc. 3), which was granted on December 5, 2012 (Doc. 4).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A—which poses a problem, because no complaint was ever filed.

Page **1** of **3**

The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3.  In other words, "the first step in the action is the filing of the complaint." *Id.,* Advisory Committee Notes, 1937 Adoption.  Although Plaintiff's "Memorandum of Law in Support of Motion for a TRO and Preliminary Injunction" generally describes a claim, it cannot suffice as a complaint.  Plaintiff does not clearly assert a specific claim against a specific defendant and, aside from seeking a temporary restraining order, Plaintiff does not seek relief.   Although *pro se* litigants are not held to the same standards applied to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not entitled to general dispensation from the rules of procedure, *Jones v. Phipps*, 39 F.3d 158 163 (7th Cir. 1994).

Without a complaint, the Court cannot ascertain the basis for jurisdiction.  *See Bell v. Hood,* 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago,* 431 F.3d 1065, 1069-70 (7th Cir. 2005).  Nor can the Court determine what causes of action Plaintiff intends to assert against Defendants.  More to the point, the Court cannot consider an application for injunctive relief in the absence of a complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for temporary restraining order (Doc. 1) is **DENIED** without prejudice.  On or before April 23, 2013, Plaintiff shall file a complaint, thereby properly initiating an action.  If Plaintiff still seeks a temporary restraining order or other injunctive relief, he must file a new motion.  Failure to file a proper complaint by the prescribed deadline will result in the dismissal of this action for lack of subject matter jurisdiction; such a dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g), and Plaintiff will remain obligated to pay the filing fee.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of Court is **DIRECTED** to correct the designation of Plaintiff's

"Memorandum of Law in Support of Motion for a TRO and Preliminary Injunction" (Doc. 1) to

reflect that it is a motion for temporary restraining order.

The Clerk of Court is further **DIRECTED** to send Plaintiff a copy of this Order, along

with a blank civil rights complaint form, and Instructions for Filing a Pro Se Civil Complaint for

Civil Rights Violations.

**IT IS SO ORDERED.**

**DATED:  April 1, 2013**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**