IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY R. ROUNDTREE, | ) | |
| No. 17256-064, | ) | |
| | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 12-cv-1166-JPG |
| | ) | |
| WARDEN WALTON, CAPTAIN | ) | |
| HOWARD, WENDY ROAL,LT. TOLSON, | ) | |
| LT. SIMS, DR. WEBBER, DR. HERSANT, | ) | |
| and DR. PATTERSON, | ) | |
| | ) | |
|                 Defendants. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

After an initial procedural miscue, Plaintiff Jeffrey Ray Roundtree, an inmate in the custody of the U.S. Bureau of Prisons, housed at the U.S. Penitentiary in Marion, Illinois, filed a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971) (Doc. 9).  Plaintiff also filed a memorandum, which is construed as a motion for temporary restraining order and preliminary injunction (Doc. 10).  Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  The Court will simultaneously consider the motion for injunctive relief.

1. **The Complaint**

Plaintiff claims that the defendant prison officials have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they subject him to random urine tests. Plaintiff explains that he suffers from paruresis, commonly known as a "shy bladder."  On July 19, 2012, when Plaintiff was unable to produce a urine sample in the allotted two hours, the "severe mental & physical anguish" caused plaintiff to attempt suicide "due to severe emotional distress from not being able to perform an everyday natural bodily function" (Doc. 9, p. 6).  Plaintiff is tested monthly, but he has been denied any sort of accommodation, such as placement in a "dry cell" after a complete search, or use of a catheter.  Plaintiff was initially told that without a medical diagnosis, no accommodation would be considered; however, security considerations ultimately trumped a diagnosis of Social Anxiety Disorder

or Social Phobia.[1]

The complaint is brought against eight defendants: Wendy Roal, the former warden; Jeffery Walton, the current warden; chief psychologist Dr. Patterson; psychologist Dr. Webber; psychologist Dr. Hersant; Captain Howard; Lt. Tolson; and Lt. Sims. Plaintiff seeks compensatory damages, a temporary restraining order or preliminary injunction and, ultimately, a permanent injunction (*see* Doc. 9, p. 7; Doc.10). The motion for temporary restraining order and preliminary injunction is aimed at securing proper treatment and an accommodation.

Based on the allegations of the complaint (*see* Doc. 9, p. 7), the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **Against Defendants Warden Walton, Wendy Roal, Captain Howard, Lt. Tolson and Lt. Sims for Deliberate Indifference to Plaintiff's Serious Medical Needs relative to Plaintiff's need for an accommodation, in violation of the Eighth Amendment; and**
>
> **Count 2:** **Against Defendants Dr. Patterson, Dr. Webber and Dr. Hersant for Deliberate Indifference to Plaintiff's Serious Medical Needs relative to their failure to provide adequate medical/psychological care, in violation of the Eighth Amendment.**

## 2. The Standard of Review

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

---

[1] Plaintiff asserts that he has Social Anxiety Disorder (Doc. 1, p. 6), but the documentation attached to the complaint indicates the actual diagnosis is Social Phobia–Not Generalized (Doc. 9-1, p. 11).

>(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
>(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure dictates that a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012).

Although the Court is obligated to liberally construe a *pro se* complaint and accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), and *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. Legal assertions cannot be disguised as facts. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013). There must be sufficient factual enhancement to move from possibility to plausibility of entitlement to relief. *Id.* at 845.

### 3. <u>Analysis</u>

#### a. <u>The Complaint</u>

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. Prison officials violate this proscription when they act with deliberate indifference to the serious medical needs of an inmate. *Farmer v. Brennan,* 511 U.S. 825, 835 (1994); *Estelle v. Gamble,* 429 U.S. 97, 105 (1976). To succeed on a deliberate indifference claim, a plaintiff must (1) demonstrate that his medical

condition is "objectively, sufficiently serious," and (2) demonstrate that the defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted); *see also Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1072 (7th Cir. 2012). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Paruresis has been characterized as "serious" (*see Jenkins v. Yates*, 2012 WL 6088289 at *2 (E.D. Cal. 2012); *Hunt v. Houston*, 2011 WL 3897602 at *2 (D. Neb. 2011)); although other courts have concluded it is not a serious medical need (*see Brammer v. Northrop*, 2010 WL 681296 at *3 (W.D. N.Y. 2010); *Sheehy v. Palmateer*, 2003 WL 21418432 at *1 (9th Cir. 2003)). At this stage in the proceedings, particularly given evidence of the extreme psychiatric consequences particular to Plaintiff, the Court concludes that a serious medical need is at issue. However, the Court would be remiss not to note that Dr. Patterson, a prison psychologist, appears to have attributed Plaintiff's Axis I Social Phobia diagnosis to his Axis II diagnosis, Narcissistic Personality Disorder (*see* Doc. 9-1, p. 11).

Relative to the second aspect of an Eighth Amendment claim—whether the defendant knows of and disregards an excessive risk to inmate health or safety—it must be kept in mind that a *Bivens* claim must be based on personal involvement. The *respondeat superior* doctrine is inapplicable. *See Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009)). Although Captain Howard, Lt. Tolson, Lt. Sims, Dr. Webber and Dr. Hersant are named as defendants, they are not included in the narrative of the complaint; there is only a bald, conclusory assertion that they showed deliberate indifference to Plaintiff's shy bladder/social phobia, thereby violating the Eighth Amendment (*see* Doc. 9, p. 6). Therefore, Plaintiff has failed to state a claim against these defendants that satisfies the Rule 8 pleading standard. Captain Howard, Lt. Tolson, Lt. Sims, Dr. Webber and Dr. Hersant shall be dismissed without prejudice.

Relative to the contention in Count 2 that Dr. Patterson failed to provide adequate medical or

psychological care, the allegations in the complaint and the attached documentation do not support a deliberate indifference claim. According to the complaint, Dr. Patterson spoke to Plaintiff about treatment and offered to speak to the warden about an accommodation until Plaintiff could get accustomed to urinating in front of others (Doc. 9, p. 6). In a grievance dated October 30, 2012, Plaintiff stated that Dr. Patterson had been helping him with his condition since Plaintiff's July 19, 2012, suicide attempt (Doc. 9-1, 3). Plaintiff explained, "I have come a long way from not being able to utilize a bathroom with someone around (in the cell with me) to being able to use it with people I'm comfortable with…." (Doc. 9-1, 3; *see also* Doc. 9-1, p. 4 ("I am slowly getting over this issue with the help of Dr. Patterson….")). And, it was Dr. Patterson who proffered the November 2, 2012, Axis I diagnosis of Social Phobia, documenting Plaintiff's self-reported paruresis symptoms. There is nothing to suggest that Dr. Patterson has failed to treat Plaintiff as alleged in Count 2. At most, Plaintiff has a difference of opinion about his treatment, which cannot support a finding of deliberate indifference in a *Bivens* action. *See Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). Consequently, Count 2 against Dr. Patterson shall be dismissed with prejudice.

According to the complaint, after his July 2012 suicide attempt, which resulted in disciplinary action, Plaintiff wrote to the warden, who at that time was Wendy Roal, in an attempt to reach an accommodation (*see* Doc. 9, p. 6). Plaintiff's request was denied because self-reporting was insufficient—meaning that a formal diagnosis was required (*id*.). Dr. Patterson did not even diagnose Plaintiff until November 2, 2012 (*see* Doc. 9-1, p. 11). A similar request made to Warden Walton was met with an identical response (*id.*; *see also* Doc. 9-1, p. 5). Warden Walton's written response, dated November 15, 2012, indicates that he was informed by Health Services that there was no medical cause for Plaintiff's inability to provide a urine sample under direct supervision (Doc. 9-1, p. 5). Non-medical prison officials can rely upon the expertise of medical personnel, trusting that the prisoner is in capable hands, provided the non-medical officials do not have reason to believe the prisoner is being mistreated. *See Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). Thus, there is nothing to suggest that Warden Roal and Warden Walton were deliberately indifferent, and they shall be dismissed with prejudice from

Count 1.

### b. The Motion for Injunctive Relief

Also before the Court is Plaintiff's Motion for Temporary Restraining Order (TRO) or for Preliminary Injunction (Doc. 10). A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2). A TRO may issue without notice *only* if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

As to the request for a preliminary injunction, the United States Supreme Court has emphasized that a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Christian Legal Soc'y v. Walker,* 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (emphasis in original)). In considering whether to grant injunctive relief, a district court must weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.

Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking,* 176 F.3d 1004, 1011 (7th Cir. 1999); a*ccord Judge v. Quinn,* 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills,* 589 F.3d 865, 872–73 (7th Cir. 2009).

For the reasons stated, all claims against all defendants have been dismissed. However, because defendants Captain Howard, Lt. Tolson, Lt. Sims, Dr. Webber and Dr. Hersant are being dismissed

without prejudice, and Warden Walton and Dr. Patterson could remain in the case in their official capacities for purposes of injunctive relief, the Court will address Plaintiff's motion for injunctive relief.

Neither a TRO nor a preliminary injunction is warranted. First and foremost, there is no suggestion of immediate and irreparable injury. By Plaintiff's own account, since the July 2012 incident, with the help of Dr. Patterson, he has "come a long way" and can now urinate in front of people with whom he feels comfortable (*see* Doc. 9-1, pp. 3-4). Even if it were argued that Plaintiff does not feel comfortable enough to urinate in front of prison officials, he does not indicate that having to provide a urine sample on a monthly basis has presented the sort of life-threatening situation that arose in July 2012. Second, all claims in the original complaint have been dismissed, and the complaint and supporting documentation do not suggest that claims regarding treatment and accommodation that may be asserted in an amended complaint will be successful on the merits. There is no indication of what Dr. Webber and Dr. Hersant did or did not do in terms of treatment; and there is no suggestion of Captain Howard's involvement relative to any accommodation. A grievance attached to the complaint does contain an allegation that Lt. Tolson and Lt. Sims berated Plaintiff about not being a "man," for having a "shy pee-pee" (Doc. 9-1, p. 3), but mere name-calling is not actionable under the Eighth Amendment. *See Dandy Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). Therefore, Plaintiff's motion (Doc. 10) shall be denied.

**IT IS THEREFORE ORDERED** that, for the reasons stated, **DR. PATTERSON** and **WARDEN WALTON** are **DISMISSED** from this action with prejudice insofar as they are sued in their individual capacities, but without prejudice to their inclusion in an amended complaint seeking injunctive relief.

**IT IS FURTHER ORDERED** that **WARDEN ROAL** is **DISMISSED** from this action, with prejudice.

**IT IS FURTHER ORDERED** that **CAPTAIN HOWARD**, **LT. TOLSON**, **LT. SIMS**, **DR. WEBBER** and **DR. HERSANT** are **DISMISSED** from this action, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Roundtree's motion for a temporary restraining order and preliminary injunction (Doc. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file an amended complaint relative to **CAPTAIN HOWARD**, **LT. TOLSON**, **LT. SIMS**, **DR. WEBBER** and **DR. HERSANT**, and against **WARDEN WALTON** and **DR. PATTON** in their official capacities only for purposes of any claim for injunctive relief.  Any amended complaint shall be filed on or before June 3, 2013.  The amended complaint shall be subject to review pursuant to Section 1915A.  If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the dismissal of this claim and defendants **CAPTAIN HOWARD**, **LT. TOLSON**, **LT. SIMS**, **DR. WEBBER** and **DR. HERSANT** shall become a dismissal with prejudice, and judgment shall be entered against all defendants, closing this case.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable regardless of whether he proceeds with an amended complaint.  See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff is also **ADVISED** that he is under a continuing obligation to keep the Clerk informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents.

**IT IS SO ORDERED.**
**DATED:  May 1, 2013**

                                                  s/J. Phil Gilbert
                                                  **PHIL GILBERT**
                                                  **UNITED STATES DISTRICT JUDGE**