IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY R. ROUNDTREE, )<br>No. 17256-064, )<br> )<br>　　　　　　Plaintiff, )<br> )<br>vs. )<br> )<br>WARDEN WALTON, )<br>WENDY ROAL, )<br>LT. TOLSON, )<br>LT. SIMS, )<br>DR. WEBBER, and )<br>DR. HERSANT, )<br> )<br>　　　　　　Defendants. ) | CIVIL NO. 12-cv-01166-JPG |

## **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Jeffrey Ray Roundtree, an inmate in the custody of the U.S. Bureau of Prisons, housed at the U.S. Penitentiary in Marion, Illinois, has filed a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971).  Plaintiff's initial complaint was dismissed, but Plaintiff was granted leave to file an amended complaint relative to Lt. Tolson, Lt. Sims, Dr. Webber and Dr. Hersant, and against Warden Walton *in his official capacity for purpose of any claim for injunctive relief* (Doc. 11, p. 8).

Now before the Court is Plaintiff Roundtree's amended complaint (Doc. 14).   Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review.

**The Amended Complaint**

Due to paruresis, commonly known as a "shy bladder," Plaintiff Roundtree cannot urinate in front of others (except for a select few, with whom he feels at ease). Plaintiff claims that the defendant prison officials have inflicted "cruel and unusual punishment" upon him, and been deliberately indifferent to his "serious issue," in violation of the Eighth Amendment.

After arriving at USP-Marion in April 2011, Plaintiff reported to psychologist Dr. Webber that he had a shy bladder. Plaintiff requested catheters or access to a "dry cell" during the random urine tests that are a routine part of prison life. Dr. Webber refused the request, stating "You can urinate if you drink enough water." Plaintiff similarly requested assistance from Dr. Hersant. After confirming that there was no physical cause for Plaintiff's shy bladder, Dr. Hersant denied the request.

In February 2012, Plaintiff was subjected to a random urine test. He sat in "severe pain" for two hours, unable to urinate in front of guards. A call was placed to Dr. Hersant and he indicated that Plaintiff did not have "an issue." Plaintiff was eventually able to provide a small sample, but he felt ill for the remainder of the day from drinking too much water. After the February test, Dr. Webber had Plaintiff try relaxation techniques, to no avail.

A second urine test occurred on July 19, 2012. Lt. Sims and Lt. Tolson refused Plaintiff's request for a dry cell. Sims and Tolson berated and harassed Plaintiff, telling him to drink water, "be a man," and referring to him as a "pussy." Plaintiff was ultimately issued an incident report which, according to Plaintiff, was based upon a false allegation that water had been submitted for analysis.

Distraught over his inability to urinate in public and the "lack of compassion and understanding by staff," Plaintiff attempted suicide. He subsequently spoke with psychologist Dr. Patterson, who offered to attempt to secure an accommodation under Program Statement

6060.08.  Warden Wendy Roal subsequently denied any accommodation—no catheter or dry cell would be provided.

In her written response dated October 1, 2012, Roal acknowledged that Plaintiff suffered from bipolar disorder, depression and anxiety, and that he had self-reported his shy bladder condition.[1]  However, Roal observed that there was no medical diagnosis and, although pareuesis is typically diagnosed based on subjective evidence, that is insufficient in the prison setting. Roal went on to observe that Plaintiff had been able to urinate when he had been given extra time (apparently referring to the February 2012 test).  Roal concluded, "There is no documentary evidence to support your claim.  Your own self report is viewed as insufficient in order to justify our stated procedures [for an accommodation].  Based on these factors, no special provision will be afforded."  (Doc. 14, p. 9).  Roal reiterated her rationale in response to an OPR complaint lodged by Plaintiff (Doc. 14, pp. 10-11).

Plaintiff attempted to appeal the denial of an accommodation to Roal's replacement, Warden Walton.  In a series of email messages, Warden Walton denied a catheter or dry cell because there was no documentation in Plaintiff's medical or mental health file corroborating that Plaintiff had shy bladder syndrome (Doc. 14, p. 13).  Plaintiff noted that he did have a diagnosis of Social Phobia, and stressed that a dry cell would not compromise the urine sample, but Warden Walton again declined an accommodation (Doc. 14, p. 14).

The amended complaint is brought against:  Wendy Roal, the former warden; Jeffery Walton, the current warden; psychologist Dr. Webber; psychologist Dr. Hersant; Lt. Tolson; and Lt. Sims.  Plaintiff does not seek monetary damages; rather, he asks for injunctive relief in the form of issuance of either a catheter or dry cell for future urine tests (Doc. 14, p. 15).  For

---

[1] Plaintiff has been diagnosis as having "Social Phobia-Not Generalized;" he self-reported difficulty urinating under scrutiny (Doc. 14, p. 12).

purposes of the preliminary review, the Court will assume that, as in the initial complaint, Plaintiff seeks compensatory damages.

Based on the amended complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendants Warden Walton, Wendy Roal, Lt. Tolson and Lt. Sims were deliberately indifferent to Plaintiff's serious medical needs relative to his need for an accommodation, in violation of the Eighth Amendment; and**
>
> **Count 2: Defendants Dr. Webber and Dr. Hersant were deliberately indifferent to Plaintiff's serious medical needs when they failed to provide adequate medical/psychological care, in violation of the Eighth Amendment.**

## The Standard of Review

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, dictates that a complaint must provide a "short and plain

statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *See also Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012).

Although the Court is obligated to liberally construe a *pro se* complaint and accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), and *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  The allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayov. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*. Legal assertions cannot be disguised as facts. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013).   There must be sufficient factual enhancement to move from possibility to plausibility of entitlement to relief.  *Id.* at 845.

## Analysis

Both Count 1, the accommodation claims, and Count 2, the care/treatment claims, are premised upon the same basic constitutional principles.   The Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. amend. VIII.  Prison officials violate this proscription when they act with deliberate indifference to the serious medical needs of an inmate.  *Farmer v. Brennan,* 511 U.S. 825, 835 (1994); *Estelle v. Gamble,* 429 U.S. 97, 105 (1976).  To succeed on a deliberate indifference claim, a plaintiff must (1) demonstrate that his medical condition is

"objectively, sufficiently serious," and (2) demonstrate that the defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted); *see also Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1072 (7th Cir. 2012). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Paruresis has been characterized as "serious" (*see Jenkins v. Yates*, 2012 WL 6088289 at *2 (E.D. Cal. 2012); *Hunt v. Houston*, 2011 WL 3897602 at *2 (D. Neb. 2011)); although other courts have concluded it is not a serious medical need (*see Brammer v. Northrop*, 2010 WL 681296 at *3 (W.D. N.Y. 2010); *Sheehy v. Palmateer*, 2003 WL 21418432 at *1 (9th Cir. 2003)). At this stage in the proceedings, the Court concludes that a serious medical need is at issue, even though it appears that Plaintiff's Axis I Social Phobia diagnosis is linked to his Axis II diagnosis, Narcissistic Personality Disorder (*see* Doc. 14, p. 12).[2]

Relative to the second aspect of an Eighth Amendment claim, the amended complaint must reasonably—plausibly—suggest each defendant acted with deliberate indifference. A review of the amended complaint and attached documentation makes clear that none of the six defendants acted with deliberate indifference.

All Lt. Tolson and Lt. Sims knew was that Plaintiff was having difficulty urinating in front of them. They may have had some idea that Plaintiff was in some pain after consuming

---

[2] The Court does not construe the amended complaint as pertaining to the suicide attempt. In any event, causation is a necessary aspect of a Section 1983 claim (*see Herzog v. Village of Winnetka*, 309 F.3d 1041, 1044 (7th Cir. 2002)), and Plaintiff's subsequent suicide attempt could not have been reasonably foreseen any of the defendants.

water and not being able to relieve himself, but one would not reasonably infer that that sort of pain (which we are all familiar with) was sufficient to trigger Eighth Amendment protection—that it was cruel and unusual punishment. Furthermore, the name-calling and "lack of compassion and understanding by staff" do not offend the Constitution. Name-calling and rude, boorish behavior do not violate the Eighth Amendment. *See*, e.g., *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir.1987). Therefore, Lt. Tolson and Lt. Sims will be dismissed with prejudice.

In terms of personal liability for monetary damages, Warden Walton was previously dismissed with prejudice on substantive claims mirroring Count 1. In any event, the emails attached to the amended complaint (which are the basis for the claims against Walton) do not suggest deliberate indifference. Warden Walton relied upon the absence of any formal diagnosis. Similarly, Warden Roal's written response to Plaintiff's requests for accommodation also relied upon the absence of a diagnosis, and Plaintiff's ability to urinate if given a bit more time. Non-medical prison officials can rely upon the expertise of medical personnel, trusting that the prisoner is in capable hands, provided the non-medical officials do not have reason to believe the prisoner is being mistreated. *See Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). Neither warden's reasoned decision reasonably suggests deliberate indifference. A worst, Walton and Roal (and Tolson and Sims) were negligent. Negligence does not offend the Constitution. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). Therefore, Warden Walton and Warden Roal must be dismissed from Count 1 with prejudice.

With regard to Dr. Webber and Dr. Hersant, there is no suggestion that either failed to offer medical or psychological treatment in the usual sense. Plaintiff received medical and mental health care related to his subjective complaints. Rather, Plaintiff takes issue with Dr.

Webber and Dr. Hersant's refusal to authorize the use of a catheter or dry cell, which could be generously characterized as a sort of treatment. In any event, at most, Plaintiff has a difference of opinion about his treatment, which cannot support a finding of deliberate indifference in a *Bivens* action. *See Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). Consequently, Dr. Webber and Dr. Hersant shall be dismissed with prejudice from Count 2.

### Disposition

IT IS THEREFORE ORDERED that, for the reasons stated, **WARDEN WALTON**, **WENDY ROAL**, **LT. TOLSON**, **LT. SIMS**, **DR. WEBBER**, and **DR. HERSANT** are **DISMISSED** from this action with prejudice; this action is **DISMISSED** on the merits, with prejudice. This dismissal shall count as a **STRIKE** under 28 U.S.C. § 1915(g). Accordingly Plaintiff's pending motion for counsel (Doc. 15) is **DENIED AS MOOT**. Final judgment shall be entered, closing this case.

**IT IS SO ORDERED.**

**DATED: February 4, 2014**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**