IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY R. ROUNDTREE, | ) | |
| No. 17256-064, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 12-cv-01166-JPG |
| | ) | |
| CHARLES SAMUELS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jeffrey Ray Roundtree is an inmate in the custody of the U.S. Bureau of Prisons, housed at the U.S. Penitentiary in Marion, Illinois. Inmates are periodically subjected to random urine tests. Plaintiff explains that he suffers from paruresis, commonly known as a "shy bladder," and the prison has refused to approve an accommodation so that he could urinate without a guard watching over him. Plaintiff initially raised constitutional claims under the Eighth Amendment and brought suit pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). The second amended complaint that is now before the Court takes a different tack. Plaintiff now seeks only injunctive relief under the Rehabilitation Act, 29 U.S.C. § 701, *et seq*., and names only Charles E. Samuels, Director of the Federal Bureau of Prisons, as a defendant.

This case is now before the Court for a preliminary review of the second amended complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

## Analysis

According to Plaintiff, he has been diagnosed by a prison psychologist with the social phobia paruresis, commonly known as a "shy bladder." Put succinctly, it is almost impossible for him to urinate while others are watching. Prison officials have denied Plaintiff's request that he be strip searched, placed in a "dry cell" and left to urinate in private whenever a urine test is required. Although guards have discretion to make some accommodation in the testing process, they do not always do so. Consequently, Plaintiff seeks injunctive relief that would mandate an accommodation.

The second amended complaint rests solely upon the Rehabilitation Act, 29 U.S.C. § 701, *et seq*. Section 504 of the Rehabilitation Act prohibits recipients of federal funding from discriminating against individuals solely because of the person's disability. *See* 29 U.S.C. § 794(a).[1]

Courts "are supposed to analyze a litigant's claims and not just legal theories that he propounds," particularly when a litigant is proceeding *pro se*. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (citations omitted). Plaintiff does not specifically mention the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of

---

[1] Section 794(a) refers to discrimination in any "program or activity," which is defined as including "all of the operations of . . . a department, agency, special purpose district, or other instrumentality of a State or of a local government." 29 U.S.C.A. § 794(b)(1)(A).

a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  The analysis under the Rehabilitation Act and ADA is essentially the same, and the relief available under either Act is coextensive.  *Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012).   Also, Director Samuels, in his official capacity, is a proper defendant under both Acts.  *See* 42 U.S.C. § 12131(1)(b); *Jaro*s, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)).  Therefore, the second amended complaint is construed as including an ADA claim against Director Samuels.

The threshold question in either an ADA or Rehabilitation Act claim is whether the plaintiff is a "qualified individual with a disability" who has suffered discrimination on account of that disabling condition.  A "disability" as defined in the ADA, is "a physical or mental impairment that substantially limits one or more major life activities[,]" such as caring for oneself, seeing, hearing, walking, communicating, thinking, or working. 42 U.S.C. § 12102(1)(A); (2)(A); *see also* 29 U.S.C. § 794(d) (adopting the ADA standards for a Rehabilitation Act claim).  Although it appears that the Seventh Circuit has not definitively stated that the elimination of waste is either itself a major life activity or essential to other major life activities such as caring for one's self, it has recognized that other circuits have so ruled.  *Gratzl v. Office of Chief Judges of 12th, 18th, 19th, and 22nd Judicial Circuits*, 601 F.3d 674, 679 (7th Cir. 2010) (citing *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 255 (4th Cir. 2006) (holding that the elimination of bodily waste is a major life activity under the ADA); *Workman v. Frito-Lay, Inc.*, 165 F.3d 460, 467 (6th Cir. 1999) (holding that controlling one's own bowels can be a major life activity).  Therefore, at this early juncture, the second amended complaint states colorable claims under the Rehabilitation Act and the ADA.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff Roundtree's claim of discrimination under the Rehabilitation Act, 29 U.S.C. § 701, *et seq*., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., shall **PROCEED** against Defendant **CHARLES E. SAMUELS**, Director of the Federal Bureau of Prisons, in his official capacity.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process upon **THE UNITED STATES**; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i)(2), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order; and (3) send by registered or certified mail to Charles E. Samuels, Director of the Federal Bureau of Prisons, a copy of the summons, the complaint, and this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 16, 2014**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
