IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEFFREY R. ROUNDTREE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Case No.   12-cv-01166-JPG-PMF |
| | ) |
| **CHARLES E. SAMUELS,** | ) |
| | ) |
| **Defendant.** | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is defendant's motion to dismiss (Doc. No. 28).  Plaintiff Jeffrey Roundtree is proceeding against the director of the Bureau of Prisons (BOP) in his official capacity on claims brought under the Rehabilitation Act and the Americans with Disabilities Act (Doc. Nos. 20, 21).  Roundtree is confined at USP-Marion.  He alleges that prison staff refused to accommodate his disability by allowing him to provide a urine sample without a guard watching over him.  The BOP seeks dismissal on the basis that the claim is moot and/or unripe.  The BOP also points out that the ADA does not apply to the federal government.  The motion is opposed (Doc. No. 31).  A reply is on file (Doc. No. 32).

This Court may exercise jurisdiction under Article III when a case or controversy remains at all stages of review.  *United States v. Juvenile Male*, 131 S.Ct. 2860, 2864 (2011).  The party seeking relief must be able to point to an actual injury that is likely to be redressed by a favorable decision.  *Id*.  When the relief sought is no longer needed or where the Court could not provide effectual relief to a prevailing party, a case is moot.  *Goldman v. Gagnard*, 757 F.3d 575, 581 (7th Cir. 2014).

The materials on file show that, beginning in August, 2013 (before the Second Amended Complaint was filed), plaintiff received the relief he requested: appropriate modification of the urine sample collection procedure.  Typically, staff keep inmates under direct visual supervision as they urinate.  For Roundtree, the procedure has been modified.  Roundtree is provided a secure, dry room and indirect supervision.  The modified "dry room" procedure is and has been used whenever Roundtree is asked to provide a urine sample.  There are no plans to change the dry room option for Roundtree (Doc. No. 28-1).

Roundtree suggest that Captain Garcia's decision to voluntarily provide relief does not moot his case.  He notes that the cooperation provided by Garcia could evaporate if this case is dismissed or if Garcia leaves his current position.  These arguments are not persuasive.  Roundtree has received an appropriate modification, and the capable-of-repetition exception to the mootness doctrine does not apply because Roundtree has no reasonable basis to anticipate that anyone will require him to provide a urine sample under direct visual supervision again.

IT IS RECOMMENDED that defendant's motion (Doc. No. 28) be GRANTED.  This action should be dismissed as moot.

**SUBMITTED:   November 13, 2014.**

                                                S/ Philip M. Frazier
                                                **PHILIP M. FRAZIER**
                                                **UNITED STATES MAGISTRATE JUDGE**