UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY R. ROUNDTREE,

    Plaintiff,

        v.

CHARLES E. SAMUELS, in his official capacity,

    Defendant.

Case No. 12-cv-1166-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 33) of Magistrate Judge Philip M. Frazier recommending that the Court grant defendant Charles E. Samuels' motion to dismiss for lack of jurisdiction (Doc. 28). Plaintiff Jeffrey R. Roundtree has objected to the Report (Doc. 38) and Samuels has responded to that objection (Doc. 39).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Magistrate Judge Frazier noted in the Report that the only relief Roundtree seeks is injunctive relief requiring the prison officials to accommodate his disability – a shy bladder – by allowing him to give necessary urine samples while not under the direct observation of prison officials. He further found that Roundtree had already received the relief he sought; beginning in August 2013 (before Roundtree filed the operative pleading in this case and before the defendant was served with process), the urine sample collection procedures had been adjusted for Roundtree to allow him to give samples without direct observation. Magistrate Judge Frazier also found

there was no suggestion the modified procedure would be abandoned if this lawsuit is dismissed. He concluded that this lawsuit is moot.

In his objection, Roundtree quibbles with the date the accommodation to the urine collection procedure was "officially" provided by a written declaration and with details of the description of the accommodation.  He also raises the possibility that he will be transferred to another Bureau of Prisons institution that will no accommodate his disability.

The Court has reviewed the matter *de novo* and finds, for the reasons stated in the Report, that Magistrate Judge Frazier was correct.  Roundtree has received all of the relief he sought in this case and there is no further relief the Court can give.  The date the accommodation was memorialized in writing is immaterial to when the relief was actually given, and an error in one small detail in the defendant's description of that relief is immaterial where Roundtree received the accommodation he sought when he filed his pleading.  Finally, Roundtree has not provided any nonspeculative information suggesting the accommodation will be withdrawn in the future. There is no live case or controversy for the Court to hear.  Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 33);
- **GRANTS** Samuels' motion to dismiss for lack of jurisdiction (Doc. 28);
- **DISMISSES** this case for **lack of jurisdiction**; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   February 26, 2015**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**