UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY R. ROUNDTREE,

    Plaintiff,

        v.                                          Case No. 12-cv-1166-JPG

CHARLES E. SAMUELS, in his official capacity,

    Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Jeffrey R. Roundtree's motion to vacate the judgment in this case pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 42).   The Court originally dismissed this case for lack of jurisdiction because Roundtree had been provided all the relief he sought:   a change to the urine collection procedures at USP-Marion to accommodate his shy bladder (Docs. 40 & 41).   The Court noted that Roundtree had not provided any nonspeculative information suggesting the accommodation will be withdrawn in the future. Apparently, since the Court's judgment, Roundtree has been transferred to FCI-Seagoville, which he believes was a retaliatory transfer and where he believes his shy bladder may no longer be accommodated.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.   *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).   Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).   The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief.   *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).   It is also not an appropriate vehicle for addressing simple legal error, for

rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision.   *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).

Roundtree has not described exceptional circumstances justifying relief from the judgment in this case.   To the extent he believes the administration of FCI-Seagoville is not properly accommodating his disability – and he does not explicitly state it is not – he should bring the matter to prison personnel's attention using the administrative remedy process.   If that proves unsatisfactory, he is free to begin another lawsuit.   Until then, the judgment in this case will stand, and his motion to vacate the judgment (Doc. 42) is **DENIED**.

**T IS SO ORDERED.**
**DATED:   May 15, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
